# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 19-00366-01-CR-W-DGK |
| ELIJAH K. KLOTZ, | |
| Defendant. | |

The Government respectfully submits this memorandum in response to defendant's request for a sentence below the Sentencing Guidelines range and to provide the Court with its sentencing analysis and anticipated recommendation. The Government expects to recommend a sentence within the finally calculated Guidelines range. Sentencing is scheduled for April 22, 2022.

## I. **Background**

On October 28, 2019, the defendant was charged in a Criminal Complaint with possession of heroin with the intent to distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) (D.E. 1.) Subsequently, on September 12, 2019, a grand jury in this district returned the Indictment, charging the defendant with conspiracy to distribute controlled substances, in violation of Title 21 United States Code, Sections 841(a)(1), (b)(1)(A), and 846; possession of firearms in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A); and being a felon in possession of firearms in violation of Title 18, United States Code, Section 922(g)(1). (D.E. 10.) The defendant appeared in open court on August 6, 2021 and entered a guilty plea to the lesser-included offense of Count One of the Indictment, that is, conspiracy to distribute 100 grams or more of a mixture or substance containing

a detectable amount of heroin and 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and Count Two of the Indictment, that is, possession of firearms in furtherance of a drug trafficking crime. (D.E. 31.)

On December 6, 2021, the Probation Office issued the final Presentence Investigation Report ("PSR"), which included its analysis under the U.S. Sentencing Guidelines. (D.E. 36.) As to Count One, the PSR computed a base offense level of 36 pursuant to U.S.S.G. § 2D1.1(c)(2) based upon the defendant's total converted drug weight. (PSR ¶ 29.) Given that the defendant qualifies for acceptance of responsibility, the total offense level calculated in the PSR for Count One is 33. (PSR ¶ 38.)

As to Count Two, pursuant to U.S.S.G. § 2K2.4(b), the guideline sentence is the minimum term of imprisonment required by statute, which in this case is 60 months, to be imposed consecutively to the sentence on Count One. (PSR ¶ 28.)

The Probation Office determined a criminal history score of 8, placing the defendant in criminal history category IV. (PSR ¶¶ 47-49.) This includes a 2-level increase due to the fact that the defendant was under a criminal justice sentence in Johnson County, Kansas, at the time he committed the instant offense. (PSR ¶¶ 48-49.)

As to Count One, a total offense level of 33, at criminal history category IV, yields an advisory sentencing range of 188 to 235 months, plus 60 months' consecutive on Count Two. (PSR ¶ 96.)

## II. PSR Objections

The defendant lodged two objections to the PSR, only one of which impacts the Guidelines calculations. (PSR adden., at 1-2.) This objection, as discussed in more detail below, was properly rejected by the Probation Office.

2

Case 4:19-cr-00366-DGK   Document 40   Filed 04/12/22   Page 2 of 9

A.  **<u>Drug Weight Calculation</u>**

As outlined in the PSR, a confidential witness, whom Mr. Faulkner, Senior U.S. Probation Officer who authored the defendant's PSR, refers to in the PSR as Confidential Source 2 (CS2), made a number of statements regarding the defendant's methamphetamine distribution over the course of three separate interviews with law enforcement. The statements made by CS2 are outlined in paragraphs 9-16 of the PSR. To summarize, CS2 stated that they purchased methamphetamine from the defendant from March 2019 to May 30, 2019, specifically adding that on one occasion they observed the defendant in possession of a backpack containing 16 kilograms of methamphetamine. (PSR ¶ 10.) In addition, CS2 stated that the defendant supplied them with 10 pounds of methamphetamine. (PSR ¶ 16.) CS2 is the same confidential witness referred to in the factual basis in the defendant's plea agreement. As detailed in the factual basis, the defendant supplied CS2 with 10 pounds of methamphetamine, one of which was recovered by law enforcement on May 30, 2019. (PSR ¶ 16, D.E. 31, p. 3.)

Therefore, while the defendant has objected to the statements made by CS2 as they appear in paragraphs 9-15 in the PSR, he has not objected to those statements made by CS2 as they appear in paragraph 16, as this information is explicitly included in the factual basis to which the defendant agreed during his change of plea hearing and in the written plea agreement.

Given that, the defendant's objection to the 16 kilograms of methamphetamine in the final total drug quantity calculation and his assertion that "CS-2 statement lacks sufficient indicia of reliability to satisfy the requirements of USSG § 6A1.3(a). CS-2 proffered on at least 3 separate occasions and demonstrated a lack of honesty and accuracy," is inconsistent with the defendant's acknowledgement via the signed plea agreement that CS2's statement regarding the ten pounds of

3

methamphetamine sourced by the defendant was true and accurate. (PSR, adden., at 1.) While the Government does not believe the defendant's objection violates the terms of his plea agreement in any way, the Government does submit to the Court that there is sufficient indicia of reliability of the entirety of CS2's statement, including the information regarding the 16 kilograms of methamphetamine, that it should be considered by this court and counted in the defendant's converted drug weight.

The Government does not intend to call CS 2 to testify at the defendant's sentencing hearing. However, the Government submits that the statement as documented in the PSR, in the context of the statement by the same witness to which the defendant agreed in the written plea agreement, may be considered by this Court based upon the preponderance of the evidence standard that applies at sentencing. *See* U.S.S.G. § 6A1.3.

Here, the defendant has entered a guilty plea, acknowledging his participation in a conspiracy to distribute controlled substances, including heroin and methamphetamine from January 2019 up to and including October 25, 2019. This time period, within which the defendant admits he was engaged in drug trafficking as evidenced by his guilty plea, clearly encapsulates the date range CS2 indicated they saw the defendant in possession of 16 kilograms of methamphetamine. Specifically, CS2 advised that they obtained methamphetamine from the defendant between March 2019 and May 30, 2019. The defendant specifically admitted in his plea agreement that he provided CS2 with 10 pounds of methamphetamine, one of which was recovered by law enforcement on May 30, 2019. This information concerning the 16 kilograms of methamphetamine is reliable, is consistent with the other evidence in this case, and should be considered by this court.

4

Defendant's Proposed Converted Drug Weight Calculation:

In the event this Court determines the 16 kilograms of methamphetamine are not attributable to the defendant's overall converted drug weight, this will impact the total converted drug weight and the ultimate advisory Guidelines range on Count One, but only by a degree of two offense levels.

Despite the defendant's current objection in the PSR to CS2's statement regarding the 16 kilograms of methamphetamine, the defendant expressly admits in the plea agreement to providing CS2 with 10 pounds of methamphetamine. Mr. Faulkner, in calculating the PSR, did not include the 10 pounds of methamphetamine the defendant admitted to providing CS2 in the plea agreement to avoid double counting given the attribution of the 16 kilograms of methamphetamine.

If the 16 kilograms are not attributed to the defendant's drug weight, but the ten pounds from the plea agreement and as detailed in paragraph 16 of the PSR are attributed to the defendant's converted drug weight, the finally calculated total converted drug weight would be 10,964.13 kilograms[1]. Pursuant to § 2D1.1(3), this would result in a base offense level of 34. The finally calculated Guidelines range on Count One if the defendant's objection is sustained is therefore 151-188 months.

### III. Analysis of § 3553(a) Factors

To properly sentence the defendant, the Court must deduce a "reasonable" sentence, which is presumed — but not required — to be within the advisory Guidelines range, and takes into account the sentencing factors described in 18 U.S.C. § 3553(a). *See United States v. Cartagena*, 856 F.3d 1193, 1197-98 (8th Cir. 2017) (citing *United States v. Sandoval-Sianuqui*, 632 F.3d 438,

---

[1] For the purposes of drug conversion, one pound of methamphetamine is equivalent to 453.6grams of methamphetamine. Therefore, the defendant admitted to distributing 4,536 grams of methamphetamine. This converts, pursuant to U.S.S.G. § 2D1.1, comment. (n.8[D]), to 9,072 kilograms converted drug weight.

5

444 (8th Cir. 2011)). While the defendant is urging this Court to impose a sentence that falls below the Guidelines, the Government submits that a sentence within the finally calculated Guidelines range is called for under the § 3553(a) factors, as discussed below.

### A. Nature and Circumstances of the Offense

The defendant has been convicted of a serious offense. The defendant's drug dealing spanned nearly the entire calendar year in 2019, and culminated with his arrest and the ultimate discovery of not one but two vehicles which were full of dangerous drugs and other items. Specifically, on the date of the defendant's arrest, agents with the DEA recovered two firearms, one of which was reported stolen, multiple firearm magazines and loose ammunition, a digital scale with heroin residue, drug paraphernalia, a slide for a Glock pistol, and a myriad of illegal drugs, including: 1.6 kilograms of heroin, 119.5 grams of methamphetamine, 83 grams of cocaine, 32.7 grams of suspected marijuana, 4.6 grams of MDMA, and suspected steroids.

The defendant preyed upon the addictions of others by conspiring to distribute controlled substances, including heroin and methamphetamine in our community. The simple presence of the five different controlled substances and the significant amount of heroin and methamphetamine in the defendant's vehicles emphasizes the extent of his drug trafficking and suggests what a wide impact his actions had on citizens in our district. In addition to the drugs themselves, equally aggravating is the defendant's possession of the two firearms, all while he was a convicted felon and a clearly prohibited person. The facts and circumstances of this case justify a significant sentence.

### B. History and Characteristics of the Defendant

Despite being only 24 years old, the defendant has already amassed two felony convictions and five misdemeanor, non-driving related convictions. (PSR ¶¶ 41-46.) As to the two felony

convictions, the defendant incurred multiple probation violations during the time period in which he was actively distributing drugs in the Kansas City metropolitan area. (PSR ¶¶ 44, 46.) In fact, the Motion to Revoke the defendant's probation filed on both the felony theft and the unlawful tampering with electronic monitoring matters in Johnson County District Count reflect violations including: failing to report to probation (and absconding), failing to pay restitution and court costs, failing to resolve outstanding warrants, failing to provide verification of pursuing a GED, failing to obtain a substance abuse violation, and failure to reside with his grandmother.

In addition to these actual convictions, the defendant is the subject of numerous pending cases, and a review of his conviction and arrest history demonstrates a lack of respect for the law. In light of the defendant's history, including his actual convictions and his unsatisfactory performance on probation in Johnson County, Kansas, as well as the fact that the defendant committed his instant offense while on felony probation in Kansas, a substantial sentence in this case is necessary to instill respect for the law and deter future criminal conduct. Previous, less-severe attempts to deter the defendant's criminal activity have clearly been unsuccessful. The defendant has consistently failed to abide by court supervision. This history reveals a pattern of disrespect for the law and an unwillingness to conform his behavior to the supervision of the court.

### B. Need to Protect the Public

The defendant has shown that he poses a danger to the community by his criminal history and, more significantly, by his actions in this case. Given that, a significant sentence of imprisonment is warranted in order to protect the public from future crimes of the defendant.

### C. Other Factors

Prior sentences and arrests have not yet deterred the defendant. The instant offense requires a sentence of substantially longer length to reflect the seriousness of the offense, promote respect

for the law, serve as an effective deterrent, and afford the defendant an opportunity to rehabilitate in earnest. The Government does not oppose the defendant's participation in any educational, vocational training, or treatment programs while in custody.

## IV. Conclusion

For all of the foregoing reasons, the Government expects to recommend a sentence within the finally-calculated Guidelines range. Such a sentence will be a just sentence and adequately address the § 3553 factors.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By: */s/ Mary Kate Butterfield*
Mary Kate Butterfield
Illinois Attorney number 6306477
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East 9th Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

# CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing was delivered on April 12, 2022, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record:

                                                      */s/ Mary Kate Butterfield*
                                                      Mary Kate Butterfield
                                                      Assistant United States Attorney

9

Case 4:19-cr-00366-DGK   Document 40   Filed 04/12/22   Page 9 of 9